W. F. & D. D. GIBSON v. W. H. McLAURIN.

*Mortgage, foreclosure proceeding.*

In foreclosure proceedings, it appeared that several sales of the mortgaged premises were made under the orders of court, and that the mortgagor forbade the same and repeatedly delayed the mortgagee in collecting the debt, by disparaging his own title and offering to raise the bid, by which means he succeeded in setting aside the sales, and on motion of the mortgagee the last sale was confirmed by the court—the report thereof showing it was properly conducted and the land brought a fair price; *Held,* no error. Upon the facts of this case the mortgagor has forfeited all right to the consideration of the court.

CIVIL ACTION tried at January Special Term, 1883, of RICHMOND Superior Court, before *Graves, J.*

This action was to foreclose a mortgage, and the plaintiffs moved to confirm a sale of the mortgaged lands described in the complaint, which was had in pursuance of a decree theretofore rendered in favor of the plaintiffs as mortgagees against the defendant as mortgagor. Affidavits in support of and against the motion were offered by both parties, from which His Honor found the following facts:

That several sales had heretofore been made under orders of the court, and that at all of them including the last, the defendant in person or through his agents forbade the sales, alleging that the purchaser would not get a good title; that he has disparaged his own title and thereby obstructed and delayed the plaintiffs in obtaining the benefit of their recovery and realizing their money under the decrees; that the defendant, pretending to act as agent for and in the name of one Everett, heretofore made a proposition to increase the bid made at one of the sales ten per cent., representing said proposition as coming from said Everett; that he filed a bond signed by him as the agent of Everett, and by others as sureties, and said proposition was accepted and a resale ordered by the court; that the defendant was not authorized to act for Everett in the matter, nor did Everett know, at the time, that the proposition had been made; that defendant, in his own name, has offered in writing to increase the bid made at the last sale ten per cent., and has filed a bond to make good his offer or proposition, and the sureties on the same are solvent and the bond sufficient; that the plaintiffs have agreed in open court to credit defendant's debt with $2,000, the amount of a former bid of plaintiffs, or that the sale be confirmed at that amount, the defendant being insolvent, but the defendant declined this proposition; that the sale which plaintiffs now move to confirm was in all respects fairly conducted, and made after due advertisement, and that at said sale the land brought a fair price.

Upon consideration of these facts and the pleadings and proceedings in the cause, and after argument of counsel for the parties, the court adjudged that plaintiffs' motion be granted, and that

17

the sale last made and report thereof by the commissioner be in all respects confirmed, and that the commissioner make title to the purchasers, upon their crediting their judgment with the amount of their bid. From this judgment the defendant appealed.

Messrs. *J. D. Shaw* and *Burwell, Walker & Tillett,* for plaintiffs.
Messrs. *Frank McNeill* and *T. A. McNeill,* for defendant.

ASHE, J. The defendant, in 1877, borrowed from the plaintiffs the sum of five or six thousand dollars, gave his bond for the amount, and a mortgage on his lands as described in the complaint to secure the payment thereof. After indulging the defendant for several years, the plaintiffs brought an action to foreclose the mortgage, and obtained a decree for the sale of the land. Three several sales were had. At the first, the land brought at the bid of the plaintiffs two thousand dollars; at the second, one thousand dollars; and at the third and last sale, sixteen hundred and sixty-five dollars.

The defendant in person or through his agent forbade each of these sales, discouraged bidding by disparaging his title in alleging that the title was defective. After each sale, he moved to set aside the sale, and succeeded in setting aside the first two sales; and finally came before the court after the last sale had been made, for a price considerably in advance of the preceding one, and in his affidavit offered to raise the bid to eighteen hundred and fifty dollars. But when the plaintiffs offered in open court to give him credit on the judgment against him for $2,000, or to have the report confirmed for that amount, he declined the offer, which we suppose satisfied His Honor that the defendant was not acting in good faith, but was only making the offer to throw additional obstacles in the way of the plaintiffs in their efforts to collect what was due them, and he refused to entertain the proposition, and confirmed the sale.

We think His Honor did right. The defendant, by his shuf-

fling conduct, had forfeited all right to the consideration of the court. From the first to last, with unremitted pertinacity, he has apparently resorted to every practical means of which he could avail himself to thwart the efforts of the plaintiffs to recover a just debt.

That the defendant now gets for his land only $1,665, when he might have realized on its sale $2,000, is the result of his own folly and his trifling with the court and its proceedings. He has no one to blame but himself.

The judgment of the superior court is affirmed. Let this be certified.

No error. Affirmed.